IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| BRUCE EDENFIELD, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 2:05-CV-166-WCO |
| : | |
| MIKE COMBS, individually and in : | |
| his official capacity; RANDALL : | |
| KERSH, individually and in his : | |
| official capacity; JAMES HENSLEE, : | |
| individually and in his official : | |
| capacity; GEORGE KNAPP, : | |
| individually and in his official : | |
| capacity; CHRIS MATTHEWS, : | |
| individually and in his official : | |
| capacity; and STEVE CRONIC, : | |
| individually and in his official : | |
| capacity, : | |
| : | |
| Defendants. : | |

**<u>ORDER</u>**

The captioned case is before the court for consideration of defendants' motion to compel and for sanctions [7-1]. Defendant Steve Cronic is the sheriff of Hall County, Georgia, and the other five defendants are deputy sheriffs of Hall County. Plaintiff alleges that after he was taken into custody by defendants, he was left in a courthouse cell for approximately forty-seven hours without food

or drink. Plaintiff further alleges that the actions of defendants violated his rights under the Eighth, Fifth, and Fourteenth Amendments to the United States Constitution as well as state laws.

Plaintiff filed his complaint on November 2, 2005. Defendants timely filed their answer on November 11, 2005. They filed their initial disclosures on December 15, 2005. On February 9, 2006, defendant Steve Cronic served written discovery requests on plaintiff including interrogatories and requests to produce. Plaintiff's responses were due by March 14, 2006. Also on February 9, 2006, defendants' counsel sent a letter to plaintiff's counsel demanding that plaintiff serve his initial disclosures. Along with the letter and the discovery requests, defendants' counsel enclosed a draft Joint Preliminary Report and Discovery Plan and a draft Certificate of Interested Persons for plaintiff's counsel to review.

Although these items were sent to plaintiff's counsel on February 9, 2006, plaintiff's counsel has not responded in any fashion. Defendants' counsel certifies that he has attempted to confer with plaintiff's counsel to resolve these matters without court intervention as required by Local Rule 37.1A(1). Defense counsel's telephone calls, however, have not yet been returned. Also, plaintiff has not yet filed his initial disclosures and has failed to submit responses to the discovery requests.

Defendants now move the court to compel plaintiff to serve his initial disclosures, to respond to the discovery requests, and to otherwise participate in the discovery in this case. Defendants also seek sanctions, including their costs incurred in preparing the motion and brief as provided for by Federal Rule of Civil Procedure 37 and dismissal of the action as provided for by Local Rule 16.5. Defendants filed this motion on March 16, 2006. Plaintiffs have not submitted a response. LR 7.1B, NDGa. (a party's failure to file a response to a motion indicates there is no opposition).

Although this court has the power to dismiss a case for want of prosecution, dismissal is an extreme sanction that should be resorted to only when lesser sanctions will not suffice. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Nevertheless, the court finds that dismissal is warranted here due to plaintiff's complete failure to participate in this action. Plaintiff has done nothing since filing his complaint on November 2, 2005. He has failed to file his initial disclosures even after receiving notice from defendants that such disclosures were due. He has failed to respond to discovery requests. He has also failed to otherwise participate in the discovery process. Plaintiff has even failed to respond to the present motion despite its request for dismissal. Furthermore, despite defense counsel's good faith efforts to confer with plaintiff's counsel,

there has been no response. The undersigned's secretary has attempted to reach plaintiff's counsel by telephone on two occasions and has left voicemail messages. Plaintiff's counsel has not responded to these messages. The court finds plaintiff's conduct contumacious and unreasonable.

Plaintiff's delay and refusal to respond to discovery requests has caused defendants unnecessary frustration and expense. Even the threat of dismissal contained in defendants' motion has provoked no response from plaintiff despite the fact that failure to respond to a motion indicates lack of opposition. See LR 7.1B, NDGa. Thus, the court finds that sanctions less severe than dismissal would not be sufficient to compel plaintiff to participate in this litigation. The court dismisses the case for failure to prosecute. See Mingo v. Sugar Cane Growers Co-Op, 864 F.2d 101, 102 (11th Cir. 1989) ("[t]he district court possesses the inherent power to police its docket").

With regard to defendants' request for monetary sanctions, the court notes that defendants have not requested a specific amount, nor have they provided the court with any documentation of the costs incurred in preparing their motion and brief. To avoid additional paperwork and additional costs, the court will award defendants $300, an amount the court considers reasonable in view of the

paperwork involved in the filing of this motion.  This case will not be considered for reinstatement without proof that plaintiff has paid defendants the $300.

Defendants' motion for sanctions [7-1] is hereby **GRANTED**.  Plaintiff is ordered to pay defendants $300, and the clerk of court is **DIRECTED** to dismiss the case.

IT IS SO ORDERED, this 13th day of April, 2006.

s/William C. O'Kelley
WILLIAM C. O'KELLEY
Senior United States District Judge
